IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRIC OF TENNESSEE
WESTERN DIVISION

---

**DEANDRE D. BROWN, SR.,**

    Plaintiff,

v.     Civil Action No: 25-cv-2714

**PAMELA BONDI,** in her official capacity
as Attorney General of the United States,

and

**DANIEL P. DRISCOLL,** in his official
capacity as Acting Director of the Bureau of
Alcohol, Tobacco, Firearms and
Explosives,

    Defendants.

---

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

COMES NOW Plaintiff, DeAndre D. Brown, Sr., by and through counsel, and for his complaint seeking a declaration that 18 U.S.C. § 922(g)(1) as applied to Plaintiff violates his Second Amendment rights, hereby alleges as follows:

### INTRODUCTION

Over twenty-one years ago, Mr. Brown pled guilty in federal court to participating in a conspiracy to financially defraud First Tennessee Bank. On September 9, 2003, Mr. Brown received an eighteen-month sentence. At the time of the offense, Mr. Brown was an immature twenty-eight-year-old college dropout. Mr. Brown has since turned his life around, however, and is a law-abiding and upstanding American and Tennessean. He has found meaning and purpose; and through yeoman's work, luck, and prayer he has been granted redemption.

Mr. Brown is an integral part of the Memphis community who founded the non-profit organization Lifeline to Success to facilitate the successful reentry of ex-offenders to society, was appointed to and leads the Shelby County Office of Re-Entry as the Director and serves as the pastor of Lifeline to A Dying World Ministries. Yet, Mr. Brown suffers from a lifetime prohibition on the possession of firearms because of his federal financial conspiracy conviction more than twenty-one years ago, a prohibition which is a violation of his Second Amendment rights. That federal prohibition on Mr. Brown's right to possess firearms is unconstitutional as applied to him because he is not a dangerous person. Accordingly, Mr. Brown humbly asks this honorable Court to grant relief.

## PARTIES

1. Plaintiff DeAndre D. Brown, Sr., is an adult resident of Shelby County, Tennessee. Mr. Brown presently intends to purchase and possess a firearm by October 6, 2025, for self-defense of himself and his family within his own home but is prevented from doing so only by defendants' active enforcement of unconstitutional statutes, regulations, and/or policies complained of in this action.

2. Pamela Bondi is sued in her official capacity as the Attorney General of the United States. As Attorney General, Defendant Bondi leads the Department of Justice ("DOJ") and is responsible for executing and administering laws, regulations, practices, and policies of the United States, and is presently enforcing the laws, regulations, practices, and/or policies complained of in this action related to the possession of firearms and ammunition.

3. Daniel Driscoll is sued in his official capacity as the current Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). ATF is responsible for, among other things, enforcing the laws and regulations of the United States related to the possession of

firearms and ammunition. In his official capacity, Defendant Driscoll is responsible for the oversight of the ATF's enforcement of those laws and regulations at issue in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1346 because the action arises under the Constitution of the United States, specifically the Second Amendment, and federal statutes, including 18 U.S.C. § 922. This Court also has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)&(e)(1) because the events at issue giving rise to this lawsuit occurred in this judicial district, the threatened enforcement of 18 U.S.C. § 922(g)(1) against Plaintiff would occur in this judicial district, and Plaintiff resides in this judicial district.

## FACTUAL BACKGROUND

**A.   Mr. Brown's Background**

6. Mr. Brown is 50 years old, married, with eight children. He is a well-respected and renowned member of the Memphis community who has dedicated himself over the past sixteen years to streamlining the reentry process for ex-offenders, advocating for justice, and improving the community.

7. Mr. Brown is not under indictment, has not been convicted of domestic violence, is not a fugitive of justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective, has not been discharged dishonorably discharged from the Armed Forces, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

8. In the United States District Court for the Western District of Tennessee, Mr. Brown was convicted of participating in a conspiracy to financially defraud First Tennessee Bank, in violation of 18 U.S.C. § 1344.[1] Mr. Brown entered a plea of guilty in June 2003, at the age of 28. He was sentenced to eighteen months of incarceration on September 9, 2003. Mr. Brown has since paid $39,237.48 in restitution.

9. Mr. Brown also pled guilty to the following in the Criminal Courts of Shelby County, Tennessee: misdemeanor assault on December 7, 1998, at age 24, receiving a one-day, time-served sentence[2]; forgery on September 2, 1999, at age 24, receiving a suspended sentence with probation[3]; and theft of property $1,000.00 to $10,000.00, forgery, and burglary of a motor vehicle on September 10, 2003, at age 28, receiving a two-year sentence of incarceration[4] (all of the foregoing are collectively referred to herein as the "state offenses"). Ultimately, Mr. Brown served approximately two years of incarceration for the felony state offenses.

10. Mr. Brown had a turbulent childhood and as a young adult, at the time of Mr. Brown's offenses, he made bad choices and was struggling to make ends meet. He accepted responsibility for his actions, however, by entering guilty pleas and serving his time.

11. Having rightly pled to his charges and served his time, by all metrics, Mr. Brown has changed and has spent the last twenty years committing himself to a life of profound and demonstrable change. Mr. Brown has not committed any offenses since serving his time.

12. Mr. Brown's turbulent youth and criminal activities brought him to the lowest of lows, personally. But his findings in faith brought him to a path of righteousness. Shortly after his

---

[1] Case No. 2:03-cr-20061-JDB
[2] Case No. 97065022-01
[3] Case No. 99-03598-98042969
[4] Case Nos. 02-08975-02127728 and 02-08976-02127728

4

release, Mr. Brown began volunteering as a chaplain in prisons, hospitals, and other areas, often referred to as the "jailhouse preacher." Unfortunately, a number of volunteer locations and employers in general were uncomfortable with Mr. Brown's record.

13. Mr. Brown realized that he and other ex-offenders faced re-entry barriers and sought to remedy this problem for others. He began creating businesses and opportunities for those who were looking for a fresh start after serving their sentences and wished to repay their debt to society.

14. In 2009, relying on his faith, experience as a convicted felon, and the support of his wife, Mr. Brown founded Lifeline to Success, an organization dedicated to streamlining the reentry process and fighting for justice.

15. In 2010, Mr. Brown, again with his wife, led a movement in Memphis that resulted in the city ending discrimination against ex-offenders in its hiring practices, which also inspired a movement to combat blight and improve neighborhoods.

16. Mr. Brown's hard work and dedication to the community did not go unnoticed. Shelby County Tennessee Mayor Lee Harris appointed Mr. Brown to serve as the Director of the Shelby County Office of Re-Entry in the spring of 2022, a position which he continues to hold.

17. Since his appointment by the Mayor, Mr. Brown has expanded programming in the Office of Re-Entry to include job fairs, mental health outreach, job training (including a special emphasis on sanitation work and haircare), financial literacy, and skill assistance to those still residing in the Division of Corrections.

18. Mr. Brown also serves on the Board of Directors for Pathways in Education – Tennessee and is frequently invited to speak about his personal experience and his re-entry work.

19.    Mr. Brown's hard work and upstanding exemplary life since his convictions led Tennessee Governor Bill Lee to pardon Mr. Brown on December 15, 2023, for his felony state offenses. Specifically, in the pardon Governor Lee referenced Mr. Brown's work since 2009 helping ex-offenders successfully re-enter society, his founding of Lifeline to Success, his leadership role with the Shelby County Office of Re-Entry, and his status as a pastor and mentor in the community as reasons for the pardon. He also noted that Mr. Brown is renowned in the community as a role model and inspiration, and is supported by family, friends, and community. Attached hereto as **Exhibit A** is a copy of Mr. Brown's Pardon, as well as letters of support and articles discussing Mr. Brown's resounding success and sterling work.

20.    The pardon did not restrict his right to possess firearms.

**B.    Defendants' Regulations**

21.    The offense of bank fraud is a felony punishable by up to 30 years' incarceration. 18 U.S.C. § 1344.

22.    The Gun Control Act of 1968, as amended (the "Act"), prohibits the possession of firearms and ammunition by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). A violation of 18 U.S.C. § 922(g)(1) is a felony criminal offense punishable by fine and/or imprisonment of up to fifteen (15) years. 18 U.S.C. § 924(a)(8).

23.    The Act also prohibits non-licensed or private parties from transferring firearms or ammunition to a person whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(d)(1). Violation of this provision is also a felony criminal offense punishable by fine and/or imprisonment of up to fifteen (15) years. 18 U.S.C. § 924(a)(8).

24. Persons who intend to purchase a firearm from a licensed importer, manufacturer, or dealer, if the intended purchaser does not possess a federal firearms license—which includes most ordinary consumers of firearms—must complete ATF Form 4473, titled "Firearms Transaction Record," in order to purchase a firearm. *See* 27 C.F.R. § 478.124. The intended purchaser must certify that they are not prohibited by the Act from possessing a firearm, including by answering the question of whether the purchaser has been convicted of a crime punishable by imprisonment of more than one year. *See* 27 C.F.R. § 478.124(c)(1).

25. Defendants' regulatory scheme and policies provide that it is a violation of federal law for licensed dealers to transfer a firearm to any person indicating on the ATF Form 4473 that they have been convicted of a crime punishable by imprisonment of more than one year, and licensees are advised there is no reason to even run a background check on such persons. *See* Newsletter, September 1999, Issue II, at 2, available at https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-september-1999/download (last visited June 13, 2025).

26. A conviction that has been pardoned, if the pardon does not include an express prohibition on the person's right to possess or receive firearms, is not considered a conviction for purposes of the Act. 18 U.S.C. § 921(a)(20).

27. While federal law provides for an individual to make application for relief from a firearm disability, the ATF has not been able to act upon such applications since October 1992 when Congress began prohibiting funding from being used to act on such reliefs. 18 U.S.C. § 925; *see also United States v. Williams*, 113 F.4th 637, 661 (6th Cir. 2024). Further, as of March 20, 2025, the ATF's authority to process such applications was withdrawn and no other government department or agency has been assigned the process. *See* Withdrawing the Attorney General's

Delegation of Authority, 90 Fed. Reg. 13,080 (Mar. 20, 2025) (amending 27 C.F.R. pt. 478 and 28 C.F.R. pt. 0). Without the ability to apply to this Court for relief from the Act, the lack of funding or an administrative program for individualized relief would abridge Mr. Brown's Second Amendment rights. *See Williams*, 113 F.4th at 661.

**C.    Defendants' Practices Bar Plaintiff's Intended Transactions and Possession**

28.    Mr. Brown desires and intends to possess firearms for self-defense and for defense of his family. He has been the victim of violent crimes and his best friend was shot and killed. He and his wife have also been the victims of burglary. Mr. Brown, justifiably, wants a firearm to secure his family's safety.

29.    Due solely to his federal conviction,[5] Mr. Brown is prohibited by federal law and Defendants' enforcement of 18 U.S.C. § 922(g)(1) from purchasing or otherwise obtaining a firearm from a licensed dealer.

30.    Mr. Brown also is unable to lawfully purchase or obtain a firearm through a private party due to the prohibition under 18 U.S.C. § 922(d)(1) on transfers to individuals with convictions of crimes punishable by imprisonment of over one year.

31.    The only reason Mr. Brown has not yet obtained a firearm is because he rightfully and reasonably fears arrest, prosecution, incarceration, and fines should he attempt to obtain and/or possess a firearm in violation of the Act. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8).

---

[5] Mr. Brown's felony state offenses do not prohibit him from possessing a firearm as they were pardoned, without any prohibition on his firearm rights, and his misdemeanor state offense was punishable by a term of imprisonment of two years or less, also not prohibiting him from possessing a firearm. *See* 18 U.S.C. § 921(a)(20).

32. As such, Mr. Brown suffers the on-going harm of being unable to obtain firearms from licensed firearm dealers or private parties, which Mr. Brown would, in fact, obtain but for the enforcement of the Act by Defendants.

## CAUSE OF ACTION

### Count 1 – Declaratory Judgment:
### 18 U.S.C. § 922(g)(1) Violates the Second Amendment As-Applied to Plaintiff

33. Plaintiff hereby incorporates paragraphs 1 – 32 by reference.

34. The Second Amendment to the United States Constitution protects the individual right of the people to keep and bear arms.

35. In *United States v. Williams*, the Sixth Circuit held that 18 U.S.C. § 922(g)(1) was constitutional "as applied to dangerous people." 113 F.4th at 662–63. However, § 922(g)(1) is unconstitutional as-applied to "an individual [who] has met his burden to demonstrate that he is not dangerous." *Id.* at 657. To evaluate whether that burden has been met, the Sixth Circuit instructs district courts to make a fact-specific determination, focusing on the individual's specific or unique characteristics, including details of the specific underlying conviction, and also considering the individual's entire criminal record. *Id.* at 657–58, 663.

36. Plaintiff's Second Amendment right to keep and bear arms is being infringed because he is prohibited from possessing firearms solely because of his federal felony conviction from 2003, despite his rehabilitation and non-dangerous character.

37. The application of 18 U.S.C. § 922(g)(1) to Plaintiff is not consistent with the Nation's historical tradition of firearm regulation. Historically, firearm prohibitions were aimed at dangerous persons who posed a threat to public safety, not at rehabilitated individuals who have demonstrated their good character and contributions to society. Mr. Brown is a responsible, virtuous, law-abiding American. He has paid his debt to society and has not engaged in unvirtuous

conduct in decades, or any conduct that would suggest he poses any more danger by possessing a firearm than an average American. Mr. Brown is unlikely to act in any manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest and would be in accord with the founder's intention and the Second Amendment.

38. The Governor's pardon of Mr. Brown's state offense convictions with full restoration of citizenship rights further demonstrates that he is not dangerous and should not be categorically denied his Second Amendment rights.

39. Plaintiff seeks a determination and declaration that as applied to Mr. Brown, 18 U.S.C. § 922(g)(1) violates the Second Amendment because it prohibits him, as a non-dangerous, rehabilitated citizen who poses no threat to public safety, from possessing a firearm.

## **REQUEST FOR RELIEF**

**WHEREFORE**, these premises considered, Plaintiff prays that:

1. In accord with Rule 57 of the Federal Rules of Civil Procedure, the Court order a speedy hearing on this declaratory-judgment action to evaluate whether Plaintiff is a dangerous person, as contemplated by *Williams*[6];

2. A declaration be entered that 18 U.S.C. § 922(g)(1) as applied against DeAndre D. Brown, Sr., violates the Second Amendment to the United States Constitution;

3. A declaration be entered that 18 U.S.C. § 922(g)(1) cannot be applied against DeAndre D. Brown, Sr., on account of his conviction pursuant to 18 U.S.C. § 1344;

---

[6] *See* Brian Daniel Mounce, *The Test after Williams*, ST. ANDREWS L. REV. (Feb. 2024), https://www.standrewslawreview.com/post/the-test-after-williams; Brian Daniel Mounce, *The Sixth Circuit's Second Amendment Test after* Williams *and* Bruen, MEMPHIS LAWYER, Volume 42, Issue 1, at 24 (Spring 2025).

4. A declaration be entered that DeAndre D. Brown, Sr.'s conviction pursuant to 18 U.S.C. § 1344 does not require him to acknowledge a disabling conviction when purchasing firearms;

5. An order be entered permanently enjoining Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.SC. § 922(g)(1) against DeAndre D. Brown, Sr., on the basis of his conviction pursuant to 18 U.S.C. § 1344 and further directing Defendants to issue DeAndre D. Brown, Sr., a Unique Personal Identification Number ("UPIN") under the National Instant background Check System ("NICS") with which he may purchase firearms;

6. Plaintiff be awarded his reasonable attorney fees, costs, and expenses pursuant to 28 U.S.C. § 2412;

7. Court costs in this cause be assessed against Defendants; and

8. Plaintiff be awarded all other relief to which it may appear he is entitled to in the interests of justice.

Respectfully submitted,

*s/ Charles S. Mitchell*
Charles S. Mitchell, BPR 23789
Amy Worrell Sterling, BPR 25773
BLACK McLAREN JONES RYLAND &
   GRIFFEE, P.C.
530 Oak Court Drive, Suite 360
Memphis, Tennessee 38117
(901) 762-0535
cmitchell@blackmclaw.com
asterling@blackmclaw.com

-and-

*s/ Brian Daniel Mounce*
Brian Daniel Mounce, BPR 39545
Cherylann M. Pasha, BPR 41945
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Avenue
Memphis, Tennessee 38103
(901) 524-5000
bmounce@bpjlaw.com
cpasha@bpjlaw.com

*Attorneys for Plaintiff*
